# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Douglas E. Arpert |
| v. | : | Mag. No. 23-6005 |
| WILLIAM DENNIS RIKER | : | **CRIMINAL COMPLAINT** |

I, Robbie Miller, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Deputy U.S. Marshal with the United States Marshals Service, and that this Complaint is based on the following facts:

**SEE ATTACHMENT B**

Continued on the attached page and made a part hereof:

/s/ Robbie Miller
Robbie Miller
Deputy U.S. Marshal
United States Marshals Service

Sworn to and subscribed via telephone
February 21, 2023, New Jersey
Authorized telephonically pursuant to Fed. R. Crim. P. 4.1

HONORABLE DOUGLAS E. ARPERT
UNITED STATES MAGISTRATE JUDGE

RECEIVED

FEB 21 2023

DOUGLAS E. ARPERT
U.S. MAGISTRATE JUDGE

## ATTACHMENT A

On or about December 20, 2022, in Warren County, in the District of New Jersey, and elsewhere, defendant

## WILLIAM DENNIS RIKER

did forcibly assault, resist, oppose, impede, intimidate, and interfere with two people designated in Title 18, United States Code, Section 1114, namely two Task Force Officers ("TFO") assigned to the New York/New Jersey Regional Fugitive Task Force ("NY/NJ RFTF") ("Victim-1" and "Victim-2"), while Victim-1 and Victim-2 were engaged in and on account of the performance of Victim-1 and Victim-2's official duties, involving physical contact.

In violation of Title 18, United States Code, Section 111(a)(1).

## **ATTACHMENT B**

I, Robbie Miller, am a Deputy United States Marshal with the United States Marshals Service (USMS). I am fully familiar with the facts herein based on my own investigation, my conversations with witnesses, other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and in part. Because this Affidavit is submitted for the sole purpose of establishing probable cause to support the issuance of a complaint, I have not included each and every fact known to me and other investigators concerning the investigation.

1. On or about the early morning of December 20, 2022, members of the New York-New Jersey Regional Fugitive Task Force ("NY/NJ RFTF"), to include both Deputy United States Marshals ("DUSM") and Task Force Officers ("TFO"), were in or near Columbia, New Jersey in part for the purpose of executing a federal arrest warrant on William Dennis Riker ("RIKER") for a federal violation of supervised release. Law enforcement had reason to believe that RIKER was in or near the Columbia, New Jersey area based on, among other things, law enforcement's surveillance operations and telephonic communications with RIKER during the days preceding and including December 20, 2022.

2. At approximately 9:00 a.m. that same day, law enforcement observed RIKER operating a Toyota minivan (the "Riker Vehicle") and driving northbound on Route 94 in or near Columbia, New Jersey. After observing RIKER, law enforcement activated their emergency lights, pursued the Riker Vehicle down an adjacent unpaved roadway, and positioned their marked law enforcement vehicles to block the Riker Vehicle from traveling in any direction on the roadway.

3. After blocking the Riker Vehicle, law enforcement exited their law enforcement vehicles and began shouting verbal commands at RIKER directing RIKER to turn off the Riker Vehicle's engine. In response, RIKER accelerated the Riker Vehicle which resulted in an audible revving of the Riker Vehicle engine while the Riker Vehicle remained stationary.

4. Law enforcement then surrounded the Riker Vehicle and continued shouting verbal commands to RIKER to exit the Riker Vehicle. While still in the Riker Vehicle, RIKER then placed a knife to his throat and orally stated to law enforcement that he was going to kill himself. In response, law enforcement utilized tools to break the driver-side window of the Riker Vehicle, at which time RIKER dropped the knife inside of the Riker Vehicle.

5. Moments later, law enforcement attempted to physically remove RIKER from the Riker Vehicle. In response, RIKER clenched his fists and charged at two TFO's assigned to the NY/NJ RFTF ("Victim-1" and "Victim-2"), making physical contact with their persons, and pinning both against a parked law enforcement vehicle.

6. Law enforcement then deployed a taser on RIKER, which, in addition to the efforts of multiple members of the NY/NJ RTTF, forced RIKER to the ground. While on the ground, RIKER continued to resist law enforcement personnel's efforts to restrain him by kicking his arms and legs and by refusing to place his arms behind his back.

7. On or about December 20, 2022, both Victim-1 and Victim-2 were employed by the United States Marshals Service ("USMS"). USMS is an agency of the United States government. Both Victim-1 and Victim-2, therefore, were on that date officers or employees of the United States as defined in Title 18, United States Code, Section 1114, who were on that date engaged in the performance of official duties.